NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| A.J.R.,<br><br>                Petitioner<br><br>v.<br><br>ERIC ROKOSKY, et al.,<br><br>                Respondents | Civil No. 25-17279 (RMB)<br><br>**MEMORANDUM OPINION** |

**IT APPEARING THAT:**

    1. On November 2, 2025, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging his detention by immigration authorities at Elizabeth Detention Center in Elizabeth, New Jersey as unlawful, in violation of federal law and his right to due process under the Fifth Amendment. Dkt. No. 1, ("Petition"). Respondents filed an answer in opposition to the Petition Dkt. No. 3, ("Answer"), and Petitioner filed a reply in support of the Petition. Dkt. No. 5 ("Reply").

    2. On December 23, 2025, this Court issued a text order, granting the Petition and ordering Respondents to provide Petitioner a bond hearing pursuant to 8 U.S.C. § 1226(a), with an Opinion to follow. Dkt. No. 13 ("Text Order"). On January 5, 2026, this Court held, consistent with *Rivas Rodriguez v. Rokosky*, No. 25-17419

(CPO), 2025 WL 3485628, at *2 (D.N.J. Dec. 3, 2025), that there is no language in the text of 8 U.S.C. § 1182(d)(5)(A) that a parolee returns to the position of an applicant for admission at the threshold of entry under 8 U.S.C. § 1225(b)(1). Dkt. No. 16 ("Opinion") at 11. The Court further held that Petitioner was not detained under the parole revocation procedures described under 8 C.F.R. § 212.5(e). Opinion at 12. Therefore, the Court determined Petitioner was entitled to a bond hearing under 8 U.S.C. § 1226(a). *Id.*

3. Petitioner was denied bond by an immigration judge ("IJ") on December 30, 2025, because the IJ determined Petitioner did not meet his burden to prove he was not a flight risk. Dkt. No. 14 *"Status Report"); Dkt. No. 14-1 ("Bond Order").

4. Petitioner filed requests to enforce the Court's order, alleging the December 30, 2025 bond hearing was fundamentally unfair and violated Petitioner's right to due process. Dkt. Nos. 15, 18 ("Request to Enforce").

5. On January 16, 2026, Petitioner filed a Motion to Revise Decision under Fed. R. Civ. P. 54(b). Dkt. No. 19 ("Motion to Revise"). Petitioner seeks release as the appropriate remedy for unlawful detention under § 1225(b)(1) and for the Court to reach his unadjudicated constitutional claims. Motion to Revise at 2-9.

6. Respondents oppose Petitioner's Motion to Revise Dkt. No. 24 ("Opp'n Brief"), which Respondents contend is more appropriately treated as a motion for reconsideration and should be denied because Petitioner received a fundamentally fair bond hearing.

7. Petitioner filed a reply brief, arguing it is proper for the Court to revise its decision and reach Petitioner's unadjudicated constitutional claims or, alternatively, the Court should enforce its prior order and hold that Petitioner's bond hearing was not sufficiently individualized. Dkt. No. 25 ("Reply").

8. This Court retained jurisdiction to determine Respondents' compliance with the Court's order to provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a). Petitioner invoked that jurisdiction to challenge the bond hearing and to seek equitable relief on his unadjudicated claims. Petitioner alleged that his prolonged detention under § 1225(b)(1) violated his Fifth Amendment liberty interest. Petition, ¶ 5. Petitioner has been detained since June 27, 2025. Petition ¶ 27; Ex. A "Petitioner's Declaration." Petitioner became subject to a final order of removal on October 7, 2025. Petition; Ex. F ("Order of Removal.")

9. Petitioner has been detained for eight months, and his removal order is not final because he appealed the immigration court's determination of his asylum claim to the Board of Immigration Appeals ("BIA"). *See* 8 C.F.R. 1241.1 (a) (discussing finality of removal order). In a statement provided to the Court on January 15, 2026, Petitioner asserts that his deportation officer advised him that he did not have any information on when Petitioner could be removed to Iran due to civil unrest. Dkt. No. 19-4 ("Petitioner's Statement") at 3. Additionally, Petitioner suffers from a painful tooth abscess, which was present at the beginning of his detention eight months ago. *Id.; see also* Petition, ¶¶ 79, 80.

10. Although Petitioner's bond hearing under § 1226(a) did not occur at the outset of his detention as the statute contemplates, he was subsequently unable to meet his burden to establish he was not a flight risk because he entered the country under false pretenses. *See* Bond Order.[1] Therefore, his initial detention was justified, albeit post-hoc. This, however, does not justify Petitioner's prolonged detention of eight months. The Third Circuit has held that the Due Process Clause affords noncitizens who are detained as "criminal aliens" under 8 U.S.C. § 1226(c) "a bond hearing once detention becomes unreasonable." *German Santos v. Warden Pike Cnty. Corr. Facility*, 965 F.3d 203, 210 (3d Cir. 2020). Courts have applied the same due process analysis for prolonged detention under § 1225(b)(1). *Maksaddzhon A. v. Pittman*, No. 25-13734 (MCA), 2025 WL 3648710, at *2 (D.N.J. Dec. 17, 2025) (collecting cases). The Third Circuit has left open whether due process limits the detention period under 8 U.S.C. § 1226(a), where the statute provides for a bond hearing only at the outset of detention, with the burden on the detainee. *See Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 280 (3d Cir. 2018) ("We therefore need not decide when, if ever, the Due Process Clause might entitle an alien detained

---

[1] Pursuant to 8 U.S.C. § 1226(e), this Court is unable to review the IJ's discretionary determination of flight risk. Upon review of the bond transcript, Dkt. No. 20-1, Ex. P ("Bond Hearing Tr."), the Court finds Petitioner received the bare minimum due process required by the Third Circuit. *See Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022) ("In a fundamentally fair bond hearing, due process has three essential elements . . . factfinding based on a record produced before the decisionmaker and disclosed to [petitioner] . . . allowed to make arguments on his .. . own behalf; and . . . right to an individualized determination of his . . . interests.")

under § 1226(a) to a new bond hearing in order to conclude that Borbot's due process rights were not violated.") Placing the burden on the Government once detention becomes prolonged is justified by the same nonexhaustive list of considerations discussed in *German Santos*, where the reasonableness of detention is fact specific and requires consideration of factors beyond duration of detention, including the statutory basis for detention and the purposes of such detention. 965 F.3d at 210. A nonexhaustive list of factors that courts should consider in determining reasonableness of pre-final removal order detention are: (1) duration, usually the most important factor, with detention becoming more suspect after five months; (2) whether detention is likely to continue or end soon; (3) bad-faith reasons for delay; (4) whether conditions of confinement are meaningfully different from criminal punishment. *Id.* at 211.

  11. The due process factors weigh in favor of Petitioner's release. He has been detained for eight months. His case was appealed to the BIA in October, and if the BIA upholds the finding of the Immigration Court, Petitioner will likely file a petition for review, and his detention will continue. Even if Petitioner's detention reverts to final removal order, his return to Iran is highly unlikely under the current geopolitical circumstances. There are no indications of bad-faith delay by either party in Petitioner's removal proceedings. The immigration courts are overburdened, and this causes significant delay. Finally, Petitioner describes punitive conditions of confinement because he has not been provided adequate care for his tooth abscess, which continues to cause him severe pain. The Government

contends Petitioner was treated with antibiotics and referred for dental surgery. Dkt. No. 4, Ex. F "Medical Records" at 24, 45, 230-35. However, on January 16, 2026, Petitioner submitted a statement that he still has an abscess tooth that bleeds every day. Dkt. No. 19-4, Ex. R "Petitioner's Statement" at 6. Under these circumstances, due process requires that Petitioner receive a bond hearing upon which the Government bears the burden, by clear and convincing evidence based on individualized circumstances, to show that Petitioner presents a flight risk or a danger to the community if released. *See German Santos*, 965 F.3d at 213 ("once detention under § 1226(c) has become unreasonable, the Government must put forth clear and convincing evidence that continued detention is necessary.") An appropriate order follows.

Dated: March 3, 2026

                                                   s/Renée Marie Bumb
                                                   **RENÉE MARIE BUMB**
                                                   **Chief United States District Judge**